```
1  TONY ARJO, SBN 151890
   1440 Broadway, Suite 1019
2  Oakland, CA 94612
   (510) 451-2334
3  FAX: (510) 451-2310

4  Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN BYRNE,<br><br>      Plaintiff<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security,<br><br>      Defendant | Case Number: 13-cv-4720 JCS<br><br>STIPULATION AND ~~PROPOSED~~ ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. §2412(d) |

      IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of TWO THOUSAND SEVEN HUNDRED DOLLARS ($2700.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§1920, 2412(d).

      After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Plaintiff's attorney. The retainer agreement containing the assignment is attached. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After

1  the order for EAJA fees is entered, the government will determine whether they are subject to
2  any offset.
3      Fees shall be made payable to Plaintiff, Brian Byrne, but if the Department of the
4  Treasury determines that Brian Byrne does not owe a federal debt, then the government shall
5  cause the payment of fees, expenses and costs to be made directly to Plaintiff's attorney, Tony
6  Arjo, pursuant to the assignment executed by Brian Byrne.
7      This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
8  attorney fees and expenses and costs, and does not constitute an admission of liability on part
9  of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a
10 complete release from, and bar to, any and all claims and/or Plaintiff's attorney may have
11 relating to EAJA attorney fees in connection with this action.
12     This award is without prejudice to the rights of Tony Arjo to seek Social Security Act
13 attorney fees under 42 U.S.C §406(b), subject to the savings clause provisions of the EAJA.

    Respectfully submitted,

DATE: June 19, 2015     By:   /s/ Tony Arjo
    TONY ARJO
    Attorney for Plaintiff

DATE: June 19, 2015       MELINDA L. HAAG
    United States Attorney
    By:   /s/ Annabelle J. Yang*
    (*by email authorization on 6/19/15)
    ANNABELLE J. YANG
    Special Assistant United States Attorney
    Attorneys for Defendant

ORDER

APPROVED AND SO ORDERED.

DATED: June 23, 2015

    _____
    JOSEPH C. SPERO
    UNITED STATES MAGISTRATE JUDGE